# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHERYL COVINGTON, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| *Plaintiff* | ) ) | **Case No. 1:22-cv-04000-VMC** |
| V. | ) ) | |
| GIFTED NURSES, LLC d/b/a GIFTED HEALTHCARE | ) ) ) | |
| *Defendant* | ) | |

# CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

| | |
|---|---|
| **Court:** | United States District Court for the Northern District of Georgia, Atlanta Division |
| **Defendant:** | Gifted Nurses, LLC d/b/a Gifted Healthcare |
| **Plaintiff/Class Representative:** | Cheryl Covington |
| **Class Counsel:** | Cohen & Malad, LLP; Stranch, Jennings & Garvey, PLLC; and Turke & Strauss, LLP |
| **Settlement Administrator:** | Kroll Administration |
| **Data Incident:** | The incident from approximately August 25, 2021, to December 10, 2021, during which an unauthorized third party gained access to Defendant's employee email account systems, potentially implicating personally identifiable information ("PII") belonging to Plaintiff and members of the proposed Class. |
| **Settlement Class:** | 13,770 individuals whose Personal Information was potentially compromised as a result of the Data Incident. |
| **Class Certification Rules:** | Federal Rules of Civil Procedure 23(a) and (b)(3) |
| **Settlement Approval Rule:** | Federal Rule of Civil Procedure 23(e) |
| **Identity Theft Protection Services Attributes:** | 3 bureau credit monitoring for 3 years, to include identity theft insurance of no less than $1,000,000 |
| **Ordinary Loss Payments:** | Ordinary Losses as defined herein, incurred, up to $400 maximum per Class Member |
| **Lost Time Payments:** | $20 per hour up to 4 hours per Class Member |
| **Extraordinary Loss Payments:** | Extraordinary Losses as defined herein, incurred, up to $4,000 maximum per Class Member |
| **Alternative Cash Payment Amount:** | $50 per Class Member |
| **Costs of Preparing the Class List:** | To be paid by Defendant, in addition to all other benefits |
| **Costs of Notice and Administration:** | To be paid by Defendant, in addition to all other benefits |
| **Attorneys' Fees Amount:** | $350,000.00 to be paid by Defendant, in addition to all other benefits |

Unless otherwise ordered by the Court, the following dates and deadlines apply to this agreement. All dates and deadlines will be calculated in conformity with Federal Rule of Civil Procedure 6(a).

| Event | Date/Deadline |
|---|---|
| Date of Execution | First date on which this agreement has been signed by all parties, as indicated on the signature page |
| Deadline to Move for Preliminary Approval | 7 days after the Date of Execution |
| Date of Preliminary Approval | The day on which the Court enters the Preliminary Approval Order |
| Deadline to Provide the Class List | 7 days after Preliminary Approval Order |
| Deadline to Send Notice | 30 days after Preliminary Approval Order |
| Deadline to File Motion for Fees, Expenses, and Service Awards | 15 days before Deadline to Object |
| Deadline to Object | 30 days after Deadline to Send Notice |
| Deadline to Opt-Out | 30 days after Deadline to Send Notice |
| Deadline to Report Opt-Outs | 10 days after Deadline to Opt-Out |
| Deadline to Terminate for Opt-Outs | 3 days after Deadline to Report Opt-Outs |
| Deadline to File Motion for Final Approval | No later than 14 days before the Date of the Final Approval Hearing |
| Date of the Final Approval Hearing | To be set by the Court (Parties to Request a date approximately 120 days after Preliminary Approval Order) |
| Date of Final Approval | The day on which the Court enters the Final Approval Order |
| Effective Date | The 31st day after the Final Approval Order has been entered, provided no objections are made and no appeal is filed by that date. Otherwise, the first day on which all appeals have been dismissed or all rights to appeal have been exhausted and the Final Approval Order has not been reversed. |
| Deadline to Pay Fees, Expenses, and Service Award | 7 days after the Effective Date |
| Deadline to Submit Claims | 180 days after Preliminary Approval Order |
| Deadline to Process Claims | 30 days after receipt of the Claim Form by the Settlement Administrator |
| Deadline to Cure Claim | 30 days after notice of the deficiency is provided by the Settlement Administrator |
| Deadline to Pay Valid Claims | 30 days after determining the claim is valid |
| Date Settlement Checks Expire | 120 days after issuance |

1. **Recitals.**

On October 4, 2022, the Class Representative filed a Class Action Complaint against Defendant in the Court, alleging that Defendant was liable for the Data Incident under claims for: (Count I) negligence; (Count II) negligence *per se*; (Count III) breach of express/implied contractual duty; (Count IV) unjust enrichment; and (Count V) invasion of privacy.

On November 10, 2022, Defendant filed a motion to dismiss; the Class Representative responded on December 22, 2022; and Defendant replied on January 5, 2023. On July 19, 2023, the Court granted in part and denied in part the motion to dismiss. The Court denied the motion to dismiss as to Counts I and II, granted the motion to dismiss as to Counts III and IV, with leave to amend, and granted the motion to dismiss with prejudice as to Count V. The Court ordered the Class Representative to file an amended complaint within 14 days.

On August 2, 2023, the Class Representative filed an Amended Class Action Complaint against Defendant in the Court, alleging that Defendant was liable for the Data Incident under claims for: (Count I) negligence; (Count II) negligence *per se*; (Count III) breach of implied contractual duty; (Count IV) breach of express contract; and (Count V) unjust enrichment.

On August 9, 2023, the parties participated in a mediation facilitated by mediator Bennett G. Picker, who has extensive experience mediating data breach class action settlements. At the mediation, the parties reached an agreement to resolve this litigation, subject to Court approval of the detailed terms of this final agreement.

2. **Denial of Wrongdoing and Liability**

Gifted Nursing denies each and all of the claims and contentions alleged against it in the Litigation and believes its defenses have merit. Gifted Nursing denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Nonetheless, Gifted Nursing has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Class Settlement Agreement. Gifted Nursing also has considered the uncertainty and risks inherent in any litigation. Gifted Nursing has, therefore, determined it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Class Settlement Agreement.

3. **Incorporation of Key Terms, Schedule, Recitals, and Exhibits.**

This agreement expressly incorporates the preceding Key Terms Page, Schedule of Dates and Deadlines, Recitals, and the following exhibits, all of which are integral parts of this agreement:

Exhibit A – the "**Summary Notice**"

Exhibit B – the "**Detailed Notice**"

Exhibit C – the "**Claim Form**"

Exhibit D – the "**Preliminary Approval Order**"

Exhibit E – the "**Final Approval Order**"

4. **Benefits to Class Members.**

Defendant will provide the benefits listed in this section, which will be available, as applicable, to any person who does not submit a valid and timely request to be excluded as provided in the Detailed Notice (each such person, a "**Class Member**"). A Class Member may claim all of the benefits to which the Class Member has a valid claim, provided, however, that a Class Member will not receive any other benefit if the Class Member receives an Alternative Cash Payment. A Class Member may claim these benefits by submitting a completed Claim Form to the Settlement Administrator postmarked no later than the Deadline to Submit Claims or by submitting such a request by that deadline through the Settlement Website. All claims will be processed and validated as set forth in Section 4.

### 4.1. Defendant to Pay for Identity Theft Protection Services.

"**Identity Theft Protection Services**" means credit monitoring and identity theft protection services having the Identity Theft Protection Services Attributes listed on the Key Terms Page to provided by a vendor approved by Class Counsel. Defendant will pay to provide Identity Theft Protection Services to each Class Member who submits a valid claim for Identity Theft Protection Services, at no cost to the Class Member.

### 4.2. Defendant to Pay Valid Claims for Lost Time.

"**Lost Time**" means time a Class Member spent dealing with the Data Incident, such as time spent freezing credit, checking statements, dealing with actual or suspected fraud, or other time spent by a Class Member that would not have been spent but for the Data Incident. Defendant will pay all

valid claims for reimbursement for Lost Time in the amounts and limits set forth under Lost Time Payments on the Key Terms Page.

### 4.3.  Defendant to Pay Valid Claims for Ordinary Losses.

"**Ordinary Losses**" means the following out-of-pocket expenses incurred by a Class Member and fairly traceable to the Data Incident: (i) bank fees, , cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), miscellaneous qualified expenses subject to explanation, such as postage, notary, copying, mileage, and/or gasoline for local travel; and (ii) fees for credit reports, credit monitoring, and/or other identity theft insurance product purchased between the date of the Data Incident and the Deadline to Submit Claims. Defendant will pay all valid claims for reimbursement of Ordinary Losses in the amounts and limits set forth under Ordinary Loss Payments on the Key Terms Page.

### 4.4.  Defendant to Pay Valid Claims for Extraordinary Losses.

"**Extraordinary Losses**" means unreimbursed costs or expenditures (other than Ordinary Losses) incurred by a Class Member and fairly traceable to the Data Incident and supported by Reasonable Documentation for attempting to remedy or remedying issues that are more likely than not a result of the Data Breach. An Extraordinary loss must be supported by Reasonable Documentation that a Class Member actually incurred unreimbursed losses and consequential expenses that are more likely than not traceable to the Data Breach. Extraordinary Losses include, without limitation, the unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of information compromised in the Data Incident and including accountant's fees related to any credit freezes. Defendant will pay all valid claims for reimbursement of Extraordinary Losses in the amounts and limits set forth under Extraordinary Loss Payments on the Key Terms Page.

### 4.5.  Alternative Cash Payment.

"**Alternative Cash Payment**" means a payment to be made in lieu of receiving any other benefits of this agreement. Defendant will pay all valid claims for an Alternative Cash Payment in the amounts and limits set forth under Alternative Cash Payment Amount on the Key Terms Page. To receive this Alternative Cash Payment, Settlement Class Members must submit a valid claim form, but no documentation is required to make a claim.

### 4.6. Equitable Relief.

1. Complete implementation of mandatory MFA for all accounts across         all divisions
2. Implement 1Password for password management
3. Audit all Active Directory accounts to remove inactive computers         and accounts
4. Reduce default scope of sharing for Microsoft 365 links to require Gifted authentication
5. Upgrade security policies to restrict logins within North America via geo-restrictions with real-time reporting
6. Implement Perch MDR with centralized cloud SEIM

Defendant will pay all the costs of these practice changes in addition to all other benefits.

## 5.    Claims Processing and Provision of Settlement Benefits.

### 5.1. Settlement Administrator's Duties and Discretion in Processing Claims.

The Settlement Administrator will be responsible for collecting and processing all Claim Forms, whether submitted by mail or through the Settlement Website. The Settlement Administrator may consult with Class Counsel and Defendant's Counsel in making determinations as to any claim, but the Settlement Administrator has the sole discretion to determine, in good faith and under the terms of this Settlement Agreement, whether any claim is timely, whether any claim is complete or deficient, and whether any claim is valid, including whether documentation is sufficient to support any claim. If the Settlement Administrator identifies a deficiency in the information provided for any claim, the Settlement Administrator must follow the procedures in Section 4.3 to allow the Class Member a chance to cure the deficiency.

### 5.2. Reasonable Documentation

Reasonable Documentation refers to documentation supporting a claim for Extraordinary Losses or Ordinary Losses, including but not limited to credit card statements, bank statements, invoices, telephone records, and receipts. Extraordinary Loss or Ordinary Loss claims cannot be established solely by a personal certification; a Class Member must provide documentation supporting the loss as described herein.

### 5.3.   Determining the Validity of Claims.

In order for any claim to be valid, the following requirements must be met (all three of these requirements, collectively the "**Basic Claim Requirements**"): (i) the claim must be submitted by a Class Member or the Class Member's authorized legal representative; (ii) the information required to process the claim must have been completed; and (iii) the original claim must have been submitted on or before the Deadline to Submit Claims.

The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisite have been met in order to award payments of Lost Time, but may consult with both Class Counsel and Defendant's.

Class Members may submit a claim for a Settlement Payment of up to $400 for reimbursement in the form of Ordinary Losses. To receive an Ordinary Loss Payment, a Class Member must choose to do so on their Claim Form and submit to the Settlement Administrator the following: (1) a valid Claim Form electing to receive the Ordinary Loss Payment benefit; (2) a statement regarding any actual and unreimbursed Extraordinary Loss made under penalty of perjury ; and (3) Reasonable Documentation that demonstrates the Ordinary Loss to be reimbursed pursuant to the terms of Settlement. If a Class Member does not submit Reasonable Documentation supporting an Ordinary Loss Payment Claim, or if a Class Member's claim for an Ordinary Loss Payment is rejected by the Settlement Administrator for any reason and the Class Member fails to cure their claim, the claim will be rejected and the Class Member's claim will be placed in the Alternative Cash Payment category. The Settlement Administrator is authorized to contact any Settlement Class Member to seek clarification regarding a submitted claim prior to making a determination as to its validity. In the event of any ambiguities in the Claim Form, the Settlement Administrator must contact the Settlement Class Member prior to determination as to its validity.

Class Members may submit a claim for a Settlement Payment of up to $4,000 (Four-Thousand Dollars) for reimbursement in the form of an Extraordinary Loss. To receive an Extraordinary Loss payment, a Class Member must choose to do so on their Claim Form and submit to the Settlement Administrator the following: (1) a valid Claim Form electing to receive the Extraordinary Loss Payment benefit; (2) an attestation regarding any actual and unreimbursed Extraordinary Loss made under penalty of perjury; and (3) Reasonable Documentation that demonstrates the

Extraordinary Loss to be reimbursed pursuant to the terms of Settlement. If a Class Member does not submit Reasonable Documentation supporting an Extraordinary Loss Payment Claim, or if a Class Member's claim for an Extraordinary Loss Payment is rejected by the Settlement Administrator for any reason and the Class Member fails to cure their claim, the claim will be rejected and the Class Member's claim will be placed in the Alternative Cash Payment category. The Settlement Administrator is authorized to contact any Settlement Class Member to seek clarification regarding a submitted claim prior to making a determination as to its validity. In the event of any ambiguities in the Claim Form, the Settlement Administrator must contact the Settlement Class Member prior to determination as to its validity.

A claim for an Alternative Cash Payment. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Claim Form must clearly indicate that the Settlement Class Member is electing to claim the Alternative Cash Payment in lieu of any other benefits made available under this settlement agreement. The Settlement Administrator is authorized to contact any Settlement Class Member to seek clarification regarding a submitted claim prior to making a determination as to its validity. In the event of any ambiguities in the Claim Form, the Settlement Administrator must contact the Settlement Class Member prior to determination as to its validity and, specifically, to determine whether the Settlement Cash Member wishes to file a claim for an Alternative Cash Payment, or any other benefits made available under this Settlement Agreement.

No later than the Deadline to Process Claims, the Settlement Administrator must process Claim Forms to determine whether the claim is, in whole or in part, valid, invalid, or deficient.

### 5.4.  Processing Deficient Claims and Opportunity to Cure.

If the Settlement Administrator determines that any Claim Form that has been submitted is deficient or that additional documentation or information is necessary to determine the validity of the claim, the Settlement Administrator shall promptly provide the person submitting the Claim Form with notice of the deficiency and request that the person provide the information or documentation necessary to process the Claim Form and to determine the validity of the claim. Failure of the person to provide the requested information Deadline to Cure Claims may result in denial of the claim, or part of it, by the Settlement Administrator.

### 5.5. Payment of Valid Claims.

No later than the Deadline to Pay Valid Claims, the Settlement Administrator must pay the valid claim (by check or by other payment means agreed to by the parties) and/or arrange for the provision of Identity Theft Protection Services, as appropriate for the claim. Defendant will be responsible for providing the Settlement Administrator with all payments necessary to provide the benefits deemed valid by the Settlement Administrator within the Deadline to Pay Valid Claims.

The Settlement Administrator shall report to Class Counsel and Defendant on a periodic basis regarding the status of valid, invalid, and deficient claims.

## 6.    Releases.

Upon the Effective Date, and in consideration of the Settlement Benefits described herein, the Class Representatives and all Class Members identified in the settlement class list in accordance with this Agreement on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief arising out of or in any way related to the claims asserted or which could have been asserted in the Lawsuit relating to the Data Incident ("Released Claims"), including Unknown Claims, against Defendant and its insurers, and including but not limited to their current and former officers, directors, employees, attorneys and agents (the "Released Parties") and agree to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the Data Incident. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any third party. Nor does this Release apply to any Class Member who timely excludes himself or herself from the Settlement.

The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on

9

inducements, promises, or representations made by anyone other than those embodied herein. Process for Court Approval of Settlement.

## 7. Process for Court Approval.

This entire agreement is contingent on the parties obtaining Court approval of the agreement.

### 7.1. Preliminary Approval.

No later than the Deadline to Move for Preliminary Approval, the Class Representative must move the Court to enter the Preliminary Approval Order. Defendant will not oppose the motion, including not opposing class certification for purposes of settlement.

### 7.2. Preparation of the Class List.

No later than the Deadline to Provide the Class List, Defendant must provide the Settlement Administrator with information sufficient for the Settlement Administrator to mail or email each member of the Settlement Class the Summary Notice. Before sending notice, the Settlement Administrator must update the addresses provided using the United States Postal Service's National Change of Address service.

### 7.3. Notice to Members of the Settlement Class.

No later than the Deadline to Send Notice, the Settlement Administrator must do all of the following:

(a) Establish at a URL agreed to by Class Counsel and Defendant's Counsel (the "**Settlement Website**") and post the Detailed Notice to the Settlement Website

(b) Establish a toll-free number and an e-mail address at which members of the Settlement Class may obtain information or contact the Settlement Administrator

(c) E-mail the Summary Notice to all persons on the Class List for whom an email address is provided

(d) Mail the Summary Notice by United States mail to all other persons on the Class List to whom the Settlement Administrator does not send an email.

If any emailed Summary Notice is returned as undeliverable, the Settlement Administrator must promptly cause the Summary Notice to be mailed to that member of the Settlement Class. If any mailed Summary Notice is returned as undeliverable with a forwarding address then the Settlement Administrator must promptly cause the Summary Notice to be forwarded by mail to the listed forwarding address. If any mailed Summary Notice is returned as undeliverable without a forwarding address then the Settlement Administrator must attempt to locate the correct address through a reasonable search and must promptly forward the Summary Notice to the address obtained from the search.

The Costs of Notice and Administration will be paid as set forth on the Key Terms Page.

### 7.4.  Right of Members of the Settlement Class to Opt-Out.

Any member of the Settlement Class may choose to be excluded from the Settlement Class by complying with the requirements to opt-out set forth in the Detailed Notice. Any person who submits a valid and timely request to opt-out will be excluded from the settlement and will not be bound by any of its terms, including the release. Any member of the Settlement Class who does not submit a valid and timely opt-out will be bound by the Settlement. No later than the Deadline to Report Opt-Outs, the Settlement Administrator must report all opt-outs it has received to Class Counsel and counsel for Defendant.

### 7.5.  Right of Class Members to Object.

Any Class Member may object to the Settlement by complying with the requirements to submit an objection set forth in the Detailed Notice.

### 7.6.  Final Approval.

At the final approval hearing, the Class Representative and Defendant must move the Court to enter the Final Approval Order.

### 7.7.  Effective Date.

This agreement will become effective and binding on the Effective Date.

### 8.  Attorneys' Fees, Expenses, and Service Award

No later than the Deadline to File Motion for Final Approval and Fees and Notice of Opt-Outs, Class Counsel shall file a motion with the Court for consideration at the Final Approval hearing seeking to be paid attorneys' fees of up to the Attorneys' Fees Amount listed on the Key Terms Page, plus

expenses, plus a service award of up to the Service Award Amount listed on the Key Terms Page, to be paid from the Settlement Fund. Defendant agrees to take no position on requests that are no greater than these amounts.

No later than the Deadline to Pay Fees, Expenses, and Service Award, Class Counsel and the Class Representative shall be paid the amounts awarded by the Court for fees, expenses, and service awards, from the sources listed on the Key Terms Page.

## 9. No Admission of Liability/Agreement Not Binding Absent Approval.

Defendant is entering into this agreement solely to compromise and settle the lawsuit and to avoid the expense and uncertainty of continued litigation. This agreement and any documents related to it shall not be construed as any admission of liability or any type of wrongdoing or misconduct or of any fact whatsoever, and Defendant expressly denies any wrongdoing, misconduct, or liability in the lawsuit.

If this agreement fails to become effective, or is voided, for any reason, then: (i) no act, statement, or filing in furtherance of this agreement may be used to support or oppose the certification of any class in the lawsuit; (ii) all the parties to this agreement shall be returned to the same position in the lawsuit that they were in on the day before the Date of Execution; and (iii) Defendant shall be entitled to object to certification of any class in this lawsuit.

## 10. Additional Terms

### 10.1. Agreement to Effectuate This Settlement

The Class Representative, Class Counsel, Defendant, and Defendant's counsel agree to undertake their best efforts to effectuate this Settlement Agreement, including: (i) all steps that may be appropriate or necessary to secure the Court's preliminary and final approvals and entry of the Preliminary Approval Order and the Final Approval Order; and (ii) all steps that may be appropriate or necessary to oppose any challenges to or appeals from the Court's orders approving this agreement.

### 10.2. Integration Clause

This agreement, and all exhibits to it, constitute the entire agreement between the parties and can be modified only in writing. This agreement, and all exhibits to it, constitute the entire agreement between the parties, and supersede any prior understandings, agreements, or representations by or

between the parties, written or oral, to the extent they relate in any way to the subject matter of this agreement. The agreement is an integrated agreement, and no promise, inducement, or agreement separate from this agreement has been made to the parties. The terms of this agreement, and all exhibits to it, are binding upon and inure to the benefit of each of the parties and their respective successors, heirs, and assigns.

### 10.3. Execution in Counterparts and by Electronic Signature

This agreement may be executed in counterparts, and each counterpart, when executed, shall be deemed to be an original. Parties may sign by electronic signature, such as DocuSign.

### 10.4. No Construction Against the Drafter

Each party has participated in negotiating and drafting this agreement through counsel, so if an ambiguity or question of intent or interpretation arises, this agreement is to be construed as if the parties had drafted it jointly, as opposed to being construed against a party. Further, each party represents that they have each read this agreement and are fully aware of and understand all of its terms and the legal consequences thereof. The parties represent that they have consulted or have had the opportunity to consult with and have received or have had the opportunity to receive advice from legal counsel in connection with their review and execution of this Settlement Agreement.

### 10.5. Choice of Law, Forum, and Stipulation to Jurisdiction

This agreement, and all exhibits to it, shall be governed by the laws of the State in which the Court is located, and the parties to this Settlement Agreement stipulate that the Court has personal jurisdiction over them for purposes of administering, interpreting, and enforcing this agreement. All proceedings relating to the administration, interpretation, and enforcement of this agreement and related documents must be brought in the Court.

[Remainder of this page intentionally left blank]

## 11.   Signatures

Each party is signing as of the date indicated next to that party's signature.

|  |  |  |
|---|---|---|
|  |  | **Gifted Nurses, LLC d/b/a Gifted Healthcare** |
| Dated: 3/18/2024 | By: | DAVID J. OART |
|  | Its: | CHIEF FINANCIAL OFFICER |
|  |  | **Counsel for Gifted Nurses, LLC d/b/a Gifted Healthcare** |
| Dated: 3/18/2024 | By: | Jill H. Fertel, Esquire Cipriani & Werner PC |
|  |  | **Class Representative** |
| Dated: 3/10/2024 |  | Cheryl Covington |
|  |  | **Class Counsel** |
| Dated: 3/8/2024 | By: | Lynn A. Toops Lynn A. Toops Cohen & Malad, LLP |

[Remainder of this page intentionally left blank]

# EXHIBIT A
# (SUMMARY NOTICE)

**Summary Notice**

*Covington v. Gifted Nurses, LLC*, No. 1:22-cv-04000-VMC

(United States District Court Northen District of Georgia)

A proposed settlement has been reached in the above-entitled class action lawsuit. The lawsuit alleges that from approximately August 25, 2021 to December 10, 2021, Defendant experienced a Data Incident in which Defendant's computer systems were infiltrated by unauthorized individuals and the personal health information and personally identifiable information of patients was potentially compromised. Records indicate you are included.

**Settlement Benefits.** If you do not opt out of the Settlement, you may be entitled to receive Settlement benefits by submitting a Claim Form no later than **[DATE]**, which you can obtain online at **[www.SettlementWebsite.com]** or by calling **[1-8XX-XXXX]**. If eligible, you may submit a claim for three years of free credit monitoring and identity theft protection services (including $1,000,000 in identity theft insurance), and you may submit a claim for Lost Time ($20/per hour, up to 4 hours); Ordinary Losses (up to $400); and Extraordinary Losses (up to $4,000) you experienced related to the Data Incident. Alternatively, you may submit a claim for an alternative cash payment of $50.00.

**Your Options.** You can do nothing and claim no benefits, submit a Claim Form to claim benefits, object to the Settlement or any part of it, or opt out of the Settlement. If you do anything but opt out, you will give up the right to sue Defendant on the issues covered by the Settlement. If you opt out, you will retain the right to sue, but you will not be eligible to receive any of the benefits of the Settlement. Detailed instructions on how to make a claim, object, or opt out are available online at **[www.SettlementWebsite.com]** or by calling **[1-8XX-XXXX]**. Objections or opt out requests must be postmarked no later than **[DATE].**

**Final Approval Hearing.** The Court will hold a final approval hearing on **[Month] [Day]**, 2024, at **[HH]:[MM][a/p.m]** at **[Location]**. The Court will decide at the hearing whether the Settlement is fair, reasonable, and adequate. The Court will also consider a request for attorneys' fees and expenses of $350,000 to be paid to Class Counsel by Defendant in addition to the other Settlement benefits.

**Need More Information?** Visit **[www.SettlementWebsite.com]** or call **[1-8XX-XXXX]**.

# EXHIBIT B
# (DETAILED NOTICE)

**COVINGTON V. GIFTED NURSES, LLC, NO. 1:22-CV-04000-VMC**
**UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

**If you were sent a Notice of Data Breach by Gifted Nurses, LLC d/b/a Gifted Healthcare you could get benefits from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

This is notice of a proposed class action settlement that provides benefits to settle claims relating to a Data Incident that occurred between approximately August 25, 2021, and December 10, 2021, in which Defendant's computer systems were infiltrated by unauthorized individuals and the personal health information and personally identifiable information of patients was potentially compromised.

- The settlement benefits include:

    o Defendant will provide the option to enroll in three years of 3-credit-bureau credit monitoring and identity theft protection services (including $1,000,000 in identity theft insurance), at no cost to you.

    o Defendant will pay valid claims submitted for Ordinary Losses (up to $400.00), Lost Time (at $20/hour up to 4 hours), and Extraordinary Losses (up to $4,000) you experienced related to the Data Incident.

    o Alternatively, you can elect not to receive any of the above benefits and to instead receive an alternative cash payment of $50.

- You have the right to do nothing, submit a claim, object to the Settlement or any part of it, or opt out of the Settlement. If you do not opt out of the settlement, and final approval is granted, you will release any claims you have relating to the Data Incident as set forth in the settlement agreement.

- Your legal rights are affected, so please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM** | To receive any of the cash benefits or the identity theft protection services available from the settlement, you must submit a claim using the Claim Form, which may be obtained online at [**www.SettlementWebsite.com**] or by calling [**1-8XX-XXXX**]. If you submit a claim, you give up the right to bring a separate lawsuit about the same issues, but you are eligible to receive any of the settlement benefits to which you have a valid claim. |
| **EXCLUDE YOURSELF** | If you exclude yourself from the settlement, you will get no benefits from the settlement, but you will keep the right to bring a separate lawsuit about the same issues at your own expense, if you choose. |
| **OBJECT** | If you object to the settlement or any part of it, you may write to the Court about your objection. If the settlement is approved you will still give up the right to bring a separate lawsuit about the same issues, and you will need to submit a claim to receive any settlement benefits. |
| **DO NOTHING** | If you do nothing you will give up the right to bring a separate lawsuit about the same issues, and you will not be eligible to receive any benefits of the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.
- Please be patient while the Court decides whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      PAGE 4
    1.   Why did I get this notice?
    2.   What is the lawsuit about?
    3.   Why is this a class action?
    4.   Why is there a settlement?

**WHO IS IN THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      PAGE 5
    5.   How do I know if I am part of the settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET** . . . . . . . . . . . . . . .      PAGE 5
    6.   What does the settlement provide?
    7.   When would I get my payment?
    8.   What am I giving up to get a payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** . . . . . . . . . . . . . .      PAGE 6
    9.   How do I get out of the settlement?
    10.  If I don't exclude myself, can I sue later for the same thing?
    11.  If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU** . . . . . . . . . . . . . . . . . . . . . . . .      PAGE 7
    12.  Do I have a lawyer in this case?
    13.  How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . .      PAGE 8
    14.  How do I tell the Court that I don't like the settlement?
    15.  What's the difference between objecting and excluding?

**THE COURT'S FINAL APPROVAL HEARING** . . . . . . . . . . . . . . . . . .      PAGE 8
    16.  When and where will the Court decide whether to approve
          the settlement?
    17.  Do I have to come to the hearing?
    18.  May I speak at the hearing?

**IF YOU DO NOTHING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      PAGE 9
    19.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . .      PAGE 9
    20.  Are there more details about the settlement?

## BASIC INFORMATION

### 1. Why did I get this notice?

This notice has been posted to the settlement website relating to a class action brought against Defendant relating to a Data Incident that occurred between approximately August 25, 2021, and December 10, 2021, in which Defendant's computer systems were infiltrated by unauthorized individuals and the personal health information and personally identifiable information of patients was potentially compromised.

The Court approved this notice because class members have a right to know about the proposed class action settlement, and about their options, before the Court decides whether to approve the settlement. This package explains the lawsuit, the settlement, class members' legal rights, what benefits are available, and how to claim those benefits.

The Court in charge of the case is the United States District Court for the Northern District of Georgia, and the case is known as *Covington v. Gifted Nurses, LLC d/b/a Gifted Healthcare*. The person who sued is called the Plaintiff, and the company she sued is called the Defendant.

### 2. What is the lawsuit about?

The lawsuit claims that the Defendant failed to properly safeguard the personally identifiable information that Plaintiff alleges was compromised in the Data Incident. Defendant contends that it acted in accordance with applicable law and that it has no liability or fault relating to the Data Incident.

### 3. Why is this a class action?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of themselves and other people who have similar claims. All of these people are called a Class or Class Members. This is a class action because the Court has preliminarily determined that the Settlement meets the legal requirements for resolution of a class action. Because the case is a class action, one court resolves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class.

### 4. Why is there a settlement?

The Court did not decide in favor of the Plaintiff or the Defendant. Instead, both sides agreed to a settlement. The Plaintiff has the duty to act in the best interests of the class as a whole and, in

this case, it is her belief, as well as Class Counsel's opinion, that this settlement is in the best interest of all Class Members for at least the following reasons:

There is legal uncertainty about whether a judge or a jury will find that Defendant is legally responsible, whether this case could proceed as a class action if litigated, whether Plaintiff would be able to prove causation and damages at trial, and whether any verdict would withstand appeal, which might result in Class Members receiving no recovery, or a substantially smaller recovery than that being offered here. Even if the Plaintiff were to win at trial, there is no assurance that the Class Members would be awarded more than the current settlement provides, and it may take years of litigation before any payments would be made. By settling, the Class Members will avoid these and other risks and the delays associated with continued litigation in exchange for access to guaranteed benefits now.

While Defendant disputes Plaintiff's claims, it has agreed to settle the lawsuit to avoid the costs, distractions, and risks of litigation. Thus, even though Defendant denies that it did anything improper, it believes settlement is in the best interests of all the Parties. The Court will evaluate the settlement to determine whether it is fair, reasonable, and adequate before it approves the settlement.

### WHO IS IN THE SETTLEMENT

To see if you will get money or other benefits from this settlement, you first have to decide if you are a Class Member.

**5. How do I know if I am part of the settlement?**

If you received a notice addressed to you regarding the Data Incident, then you are a member of the Settlement Class, you will be a part of the settlement unless you exclude yourself. If you are not sure whether you have been properly included, you can call the number at the bottom of this notice to check.

### THE SETTLEMENT BENEFITS—WHAT YOU GET

**6. What does the settlement provide and how can I claim benefits?**

The Settlement provides for a number of benefits, and Class Members can claim as many of the benefits to which they are entitled.

First, Class Members may submit a claim to receive, at no cost, three years of 3-credit-bureau credit monitoring and identity theft protection services (including $1,000,000 in identity theft insurance).

Second, Class Members who suffered an out-of-pocket loss or lost time related to the Data Incident may submit a claim for a cash reimbursement. Defendant will pay valid claims for Ordinary Losses (up to $400.00), Lost Time (at $20/hour up to 4 hours), and Extraordinary

Losses (up to $4,000.00) that a Class Member experienced fairly traceable to the Data Incident. These categories are explained in detail on the Claim Form.

In addition, you may elect to receive an alternative cash payment of $50.00 in lieu of the other benefits.

To receive any of the cash benefits or the identity theft protection services available from the settlement, you must submit a claim using the Claim Form, which may be obtained online at **[www.SettlementWebsite.com]** or by calling **[1-8XX-XXXX]**.

In addition to these benefits, Defendant has agreed to pay for the costs of notice and settlement administration, attorneys' fees and expenses approved by the Court up to $350,000.00, all in addition to the other benefits described above.

### 7. When would I get my benefits?

The Court will hold a hearing on **[Month] [Day], 202_**, to decide whether to approve the settlement. If the Court approves the settlement, there may be a period when appeals can be filed. Once any appeals are resolved or if no appeals are filed, it will be possible to distribute the funds. This may take several months and perhaps more than a year.

### 8. What am I giving up to get a payment?

Unless you exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendant relating to the legal claims in *this* case. It also means that all of the Court's orders will apply to you. Once the settlement is final, your claims relating to *this* case will be released.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement or the other benefits described here, but you want to keep the right to sue or continue to sue the Defendant on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the settlement.

### 9. How do I get out of the settlement?

To exclude yourself from this settlement, you must send a letter by mail saying that you want to opt-out or be excluded from *Covington v. Gifted Nurses, LLC d/b/a Gifted Healthcare*. The letter must include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than **[PARTIES TO PROVIDE DATE]** to:

Covington v. Gifted Nurses Exclusions
**[Notice Administrator Address 1]**

**[Notice Administrator Address 2]**
**[City], [State] [ZIP]**.

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any settlement benefits, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

> 10.  If I don't exclude myself, can I sue later for the same thing?

No. Unless you exclude yourself, you give up the right to sue the Defendant for the claims resolved by this settlement. If the settlement is finally approved, you will be permanently enjoined and barred from initiating or continuing any lawsuit or other proceeding against Defendant about the issues in this lawsuit. Remember that the exclusion deadline is **[PARTIES TO PROVIDE DATE]**.

> 11.  If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you are not eligible for any money or other benefits from this settlement.

### THE LAWYERS REPRESENTING YOU

> 12.  Do I have a lawyer in this case?

The Court appointed the law firms of Stranch, Jennings & Garvey, PLLC; Turke & Strauss, LLP; and Cohen & Malad, LLP to represent you and other Class Members. Together, the lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

> 13.  How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and expenses of up to $350,000.00, to be paid by the Defendant, subject to Court approval, separate from, and in addition to, the benefits offered to Class Members under the Settlement.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

> 14.  How do I tell the Court that I don't like the settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it. To object, you must send a letter to the Settlement Administrator saying that you object to the settlement, or part of it, in *Covington v. Gifted Nurses, LLC d/b/a Gifted Healthcare*. To have your objection considered by the Court, you also must file your objection with the Clerk of the Court (identified below).  You must state the reasons for your objection and include any evidence, briefs, motions or other materials you intend to offer in support of the objection. You must include your name, address, telephone number, your signature, and the reasons you object to the settlement, along with any materials in support of your arguments. If you intend to appear at the final approval hearing either yourself or by a lawyer, you must also state your intention to appear. You must mail the objection to the Settlement Administrator at the following address no later than [**PARTIES TO PROVIDE** DATE]:

Covington v. Gifted Nurses Objections                    [Court info]
[**Notice Administrator Address 1**]
[**Notice Administrator Address 2**]
[**City], [State] [ZIP**].

## 15.   What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the settlement. Excluding yourself is telling the Court that you don't want to be part of the settlement. If you exclude yourself, you have no basis to object because this case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement. You do <u>not</u> need to attend, but you are welcome to do so, if you choose.

## 16.   When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing at [**PARTIES TO PROVIDE** TIME] on [**PARTIES TO PROVIDE DATE**] at [address of the court] (or by telephonic or videoconference if necessary, please check the Settlement Website for updates on the hearing). At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing and complied with question 18 of this notice. The Court may also decide how much to pay Class Counsel and the Plaintiff. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 17.   Do I have to come to the hearing?

No. You are welcome to come at your own expense if you wish, but Class Counsel will answer questions the Court may have. If you send an objection, you don't have to come to Court to talk about it, unless you want to. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary unless you want to.

**18.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing along with your objection as set forth in paragraph 14 above.

### IF YOU DO NOTHING

**19.  What happens if I do nothing at all?**

If you do nothing, you will be a part of this settlement, but you must submit a claim to receive any benefits. You won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant relating to the claims brought in this case.

### GETTING MORE INFORMATION

**20.  Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement on file with the Court and available on the settlement website at [INSERT]. You can also call toll free [PHONE #].

# EXHIBIT C
# (CLAIM FORM)

| Gifted Nurses Settlement Administrator P.O. Box XXXX City, ST XXXXX | ALL CLAIM FORMS MUST BE SUBMITTED NOT LATER THAN [DATE] |
|---|---|

*Covington v. Gifted Nurses, LLC d/b/a Gifted Healthcare*

United States District Court for the Northern District of Georgia

## CLAIM FORM

This claim form should be filled out online or submitted by mail if you are an individual who was notified of the Data Incident by letter from Gifted Nurses, LLC d/b/a Gifted Healthcare, and you wish to sign up for credit monitoring and identity protection services, had out☐of☐pocket expenses or lost time spent dealing with the Data Incident, or wish to receive an alternative cash payment. You may get a check if you fill out this claim form, if the settlement is approved, and if you are found to be eligible for a payment.

The settlement notice describes your legal rights and options. Please visit the official settlement administration website, **[Insert Settlement Website URL]**, or call **[Insert Toll Free Settlement Number]** for more information.

If you wish to submit a claim for a settlement payment, you need to provide the information requested below. Please print clearly in blue or black ink. This claim form must be mailed and postmarked by **[DATE]**. Alternatively, you may submit a claim using the online form located on the settlement website listed above.

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE ALL OF THE REQUIRED INFORMATION BELOW AND YOU MUST SIGN THIS CLAIM FORM. THIS CLAIM FORM SHOULD ONLY BE USED IF A CLAIM IS BEING MAILED IN AND IS NOT BEING FILED ONLINE.

1.     **Class Member Information.**

First Name     Middle Initial

Last Name     Suffix

Mailing Address: Street Address/P.O. Box (Include Apartment/Suite/Floor Number)

City     State     Zip Code

Current Email Address (Optional)

Current Phone Number (Required)     Settlemer  Claim ID (Required)

2.     **Identity Theft Protections Services.**

☐ **Three years of Identity Theft Protection Services**

Check the box above if you wish to receive three years of credit monitoring and identity theft protection services (including $1,000,000 in identity theft insurance) at no cost to you. If your claim is approved you will receive an activation for the service by mail or email, along with instructions on how to activate the service. If you select this benefit, you may also claim reimbursement for Ordinary Losses, Extraordinary Losses, and Lost Time.

3.     **Payment of Ordinary Losses, Extraordinary Losses, and Lost Time.**

Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.

**PLEASE PROVIDE THE INFORMATION LISTED BELOW:**

Check the box for each category of out-of-pocket expenses or lost time that you incurred as a result of the Data Incident. Please be sure to fill in the total amount you are claiming for each category and to attach documentation as described (if you provide account statements as part of proof for any part of your claim, you may mark out any unrelated transactions if you wish).

☐ **Lost Time attributable to the Data Incident**

Settlement Class Members may make a claim for self-certified time spent related to the effects or potential effects of the Data Incident. Each Settlement Class Member may claim up to $80 of lost time (calculated at $20/hour, up to 4 hours) by simply attesting to the fact that they expended such time and describing how the time was spent.

I spent this many hours of time related to the Data Incident: ☐ . ☐ (round to the nearest 0.1 (6 minutes).

Briefly describe how you spent that time in the space below:

_____
_____
_____
_____
_____

☐ **Ordinary Losses fairly traceable to the Data Incident**

Class Members may make a claim for documented Ordinary Losses related to the Data Incident, up to a maximum amount of $400.00.

"Ordinary Losses" means the following out-of-pocket expenses fairly traceable to the Data Incident: (i) bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), miscellaneous qualified expenses subject to explanation, such as postage, notary, fax, copying, mileage, and/or gasoline for local travel; and (ii) fees for credit reports, credit monitoring, and/or other identity theft insurance product purchased between the date of the Data Incident and [the Deadline to Submit Claims].

Total amount claimed for this category: $ ☐☐☐ . ☐☐ (maximum $400.00)

Please describe the categories of Ordinary Losses you are claiming, and be sure to attach all documentation you have relating to these expenses:

_____
_____
_____
_____
_____
_____
_____
_____

☐ **Extraordinary Losses fairly traceable to the Data Incident**

Class Members may make a claim for documented Extraordinary Losses related to the Data Incident, up to a maximum amount of $4,000.00.

"Extraordinary Losses" means unreimbursed costs or expenditures (other than Ordinary Losses) incurred and fairly traceable to the Data Incident. Extraordinary Losses include, without limitation, the unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of information compromised in the Data Incident, and including accountant's fees related to any credit freezes.

Total amount claimed for this category: $ ☐☐☐ , ☐☐ (maximum $4,000.00)

Please describe the categories of Extraordinary Losses you are claiming, and be sure to attach all documentation you have relating to these expenses:

_____

_____

_____

_____

_____

_____

_____

_____


You must represent under penalty of perjury that the losses relating to the claim are true and accurate.

I declare under penalty of perjury that the information supplied for Extraordinary Losses is true and correct to the best of my recollection.

_____     _____     _____

**Signature**                              **Printed Name**                           **Date**


4.     **Alternative Cash Payment.**

☐ **$50.00 Alternative Cash Payment. (If You Check This Box You Will Not Receive Any Settlement Benefits Other Than a $50.00 Payment).**

Check the box above if, in lieu of all of the other benefits under numbers 2 and 3 above, you instead wish to receive a cash payment of $50.00. If you choose this alternative cash payment you cannot also choose to receive identity theft protection services and you

cannot choose to receive reimbursement for Lost Time, Ordinary Losses, or Extraordinary Losses.

**5.    <u>Sign and Date Your Claim Form.</u>**


_____          _____          _____

**Signature**                                      **Printed Name**                          **Date**

**6.    <u>Reminder Checklist.</u>**

- Keep copies of the completed Claim Form and documentation for your own records.

- If your address changes or you need to make a correction to the address on this Claim Form, please visit the Settlement website at **[insert Settlement Website URL]** and complete the Update Contact Information form or send written notification of your new address. Make sure to include your Settlement Claim ID and your phone number in case we need to contact you in order to complete your request.

- Please do not provide any sensitive documents that may contain personal information via email to the Settlement Administrator. If you need to supplement your claim submission with additional documentation, please visit the Settlement website at **[insert Settlement Website URL]** and provide these documents by completing the Secure Contact Form or by mail.

For more information, please visit the settlement website at **[insert Settlement Website URL]**, or call the Settlement Administrator at 1-XXX-XXX-XXXX. Please do not call the Court or the Clerk of the Court for additional information.

# EXHIBIT D
# (PRELIMINARY APPROVAL ORDER)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CHERYL COVINGTON, individually and on behalf of all others similarly situated, )<br><br>*Plaintiff* )<br><br>V. )<br><br>GIFTED NURSES, LLC d/b/a GIFTED HEALTHCARE )<br><br>*Defendant* ) | Case No. 1:22-cv-04000-VMC |

## <u>PRELIMINARY APPROVAL ORDER</u>

Plaintiff, Cheryl Covington, and Defendant, Gifted Nurses, LLC d/b/a Gifted Healthcare, have entered into a proposed Class Action Settlement Agreement (the "Settlement"). Plaintiff has moved the Court to grant preliminary approval to the Settlement under Federal Rule of Civil Procedure 23(e)(1), to approve the form and method for giving notice of the proposed Settlement to the Settlement Class, and to schedule a final approval hearing on the Settlement after the deadlines to object to, or opt out of, the Settlement have passed. Defendant does not oppose the motion.

### ACCORDINGLY, IT IS HEREBY ORDERED:

1.  Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Class Representative and Defendant in the above-captioned case (the "Parties").

3. The Court finds that the Court will likely be able to certify the proposed Settlement Class for purposes of entry of judgment, defined as:

> All individuals whose Personal Information was compromised as a result of the Data Incident.[1]

4. Specifically, the Court finds that the requirements of Rule 23(a) and 23(b)(3) appear to be met:

    a. The class is so numerous that joinder of all members is impracticable, as there are thousands of class members;

    b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members;

    c. The claims of the Class Representative are typical of the claims of the Settlement Class as they arise from the Data Incident;

    d. The Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class;

    e. Questions of law or fact common to the Class Members predominate over any questions affecting only individual

---

[1] "Data Incident" means he incident from approximately August 25, 2021, to December 10, 2021, during which an unauthorized third party gained access to Defendant's employee email account systems, resulting in the unauthorized disclosure of the Plaintiff's and Class Members' personally identifying information and other sensitive, non-public financial information (collectively, "Personal Information").

members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit.

5.    The Court finds that the terms of the Settlement are within the range of a fair, reasonable, and adequate compromise under the circumstances of this case. Specifically, the Court finds that:

(A) the Class Representatives and Class Counsel have adequately represented the Class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class appears adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

6.      The Court therefore preliminarily approves the Settlement and directs the parties to the Settlement Agreement to perform and satisfy the terms and conditions that are triggered by such preliminary approval.

6.      The Court likewise approves the form and method of notice provided for in the Settlement and finds that it complies with the applicable rules and the requirements of Due Process. The Court appoints Kroll, as Settlement Administrator and orders the Settlement Administrator and the Parties to implement the notice program set forth in the Settlement.

7.      A final approval hearing (the "Final Approval Hearing") shall be held before the undersigned at _____ o'clock, on _____, 2024, at _____, or via video or teleconference, for the purpose of: (a) determining whether the Settlement Class should be finally certified for entry of judgment on the Settlement; (b) determining whether the Settlement Agreement is fair, reasonable, and adequate and should be finally approved; (c) determining whether a Final Approval Order should be entered; and (d) considering Class Counsel's application for an award of attorneys' fees and expenses. The Court may adjourn, continue, and reconvene the Final Approval Hearing pursuant to oral announcement without further notice to the Class, and the Court may consider and grant final approval of the Settlement, with or without minor modification and without further notice to the Class.

8.    Members of the Settlement Class shall be afforded an opportunity to request exclusion from the Class. A request for exclusion from the Class must comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement. Members of the Settlement Class who submit a timely and valid request for exclusion shall not participate in and shall not be bound by the Settlement. Members of the Settlement Class who do not timely and validly opt out of the Class in accordance with the Detailed Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

9.    Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement Agreement. Any objection must: comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement. If the Class Member or his or her Counsel wishes to speak at the Final Approval Hearing, he or she comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement.

10.    Any Class Member who does not make his or her objection known in the manner provided in the Settlement Agreement and Detailed Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement Agreement.

11.    Any request for intervention in this action for purposes of commenting on or objecting to the Settlement Agreement must meet the requirements set forth above, including the deadline for filing objections, and also must be accompanied by any evidence, briefs, motions or other materials the proposed intervenor intends to offer in support of the request for intervention.

12.    Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Class Member, must be duly admitted to practice law before this Court, and must file a written appearance. Copies of the appearance must be served on Class Counsel and counsel for Defendant.

14.    Class Counsel shall file a motion for approval of the attorneys' fees, expenses, and service awards to be paid from the Settlement Fund, along with any supporting materials, on the deadline provided in the Settlement.

15.    If the Settlement does not become effective or is rescinded pursuant to the Settlement, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Class Representative and Defendant, and all Orders issued pursuant to the Settlement shall be vacated.

17.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED.**

Dated: _____

_____
Judge, United States District Court
Norther District of Georgia

# EXHIBIT E
# (FINAL APPROVAL ORDER)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CHERYL COVINGTON,<br>**individually and on behalf of**<br>**all others similarly situated,** | ) ) ) ) | |
| *Plaintiff* | ) | |
| | ) | **Case No. 1:22-cv-04000-VMC** |
| V. | ) | |
| | ) | |
| **GIFTED NURSES, LLC d/b/a** | ) | |
| **GIFTED HEALTHCARE** | ) | |
| | ) | |
| *Defendant* | ) | |

## FINAL APPROVAL ORDER

Plaintiff, Cheryl Covington, and Defendant, Gifted Nurses, LLC d/b/a Gifted Healthcare, have entered into a proposed Class Action Settlement Agreement (the "Settlement"). The Court previously granted preliminary approval to the Settlement, notice was issued to the Class Members, and the deadlines to opt out or object to the Settlement have now passed. Plaintiff has moved the Court to grant final approval to the Settlement under Federal Rule of Civil Procedure 23(e)(2). Defendant does not oppose the motion.

### ACCORDINGLY, IT IS HEREBY ORDERED:

1.      Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement.

2.     This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Class Representative and Defendant in the above-captioned case (the "Parties").

3.     The Court finds that the proposed Settlement Class, defined as follows, meets the requirements for certification for purposes of entry of judgment:

> All individuals whose Personal Information was compromised as a result of the Data Incident.[2]

4.     Specifically, the Court finds that the requirements of Rule 23(a) and 23(b)(3) are met:

   a. The class is so numerous that joinder of all members is impracticable, as there are thousands of class members;

   b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members;

   c. The claims of the Class Representative are typical of the claims of the Settlement Class as they arise from the Data Incident;

   d. The Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class;

---

[2] "Data Incident" means he incident from approximately August 25, 2021, to December 10, 2021, during which an unauthorized third party gained access to Defendant's employee email account systems, resulting in the unauthorized disclosure of the Plaintiff's and Class Members' personally identifying information and other sensitive, non-public financial information (collectively, "Personal Information").

2

e. Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit.

5. The Court therefore certifies the Settlement Class, appoints Plaintiff as the Class Representative, and appoints Cohen & Malad, LLP; Stranch, Jennings & Garvey, PLLC; and Turke & Strauss, LLP as Class Counsel.

6. The Court finds that notice of the proposed Settlement was provided to the Settlement Class and that the notice met the requirements of Rule 23 and Due Process.

7. The Court finds that the terms of the Settlement represent a fair, reasonable, and adequate compromise under the circumstances of this case. Specifically, the Court finds that:

(A) the Class Representatives and Class Counsel have adequately represented the Class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class appears adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

8.      The Court therefore grants final approval to the Settlement and directs the parties to the Settlement Agreement to perform and satisfy the terms and conditions that are triggered by such final approval.

9.      Upon the occurrence of the Effective Date, the Class Representative and the Class Members release and forever discharge Defendant and its insurers, and including but not limited to their current and former officers, directors, employees, attorneys and agents from all known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief arising out of or in any way related to the claims asserted or which could have been asserted in the Lawsuit relating to the Data Incident.

10.     Upon the occurrence of the Effective Date, Defendant releases all claims of any kind or nature that have been or could have been asserted against

the Class Representative or Class Counsel relating to the claims in this lawsuit, or the filing or prosecution of any lawsuit relating to such claims.

11.    This Order is a final judgment because it disposes of all claims against all parties to this lawsuit.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: _____

_____
Judge, United States District Court
Norther District of Georgia