UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHERYL COVINGTON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*<br><br>V.<br><br>**GIFTED NURSES, LLC d/b/a GIFTED HEALTHCARE**<br><br>*Defendant* | **Case No. 1:22-cv-04000-VMC** |

**PRELIMINARY APPROVAL ORDER**

Plaintiff, Cheryl Covington, and Defendant, Gifted Nurses, LLC d/b/a Gifted Healthcare, have entered into a proposed Class Action Settlement Agreement (the "Settlement"). Plaintiff has moved the Court to grant preliminary approval to the Settlement under Federal Rule of Civil Procedure 23(e)(1), to approve the form and method for giving notice of the proposed Settlement to the Settlement Class, and to schedule a final approval hearing on the Settlement after the deadlines to object to, or opt out of, the Settlement have passed. Defendant does not oppose the motion.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement.

1

2.  This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Class Representative and Defendant in the above-captioned case (the "Parties").

3.  The Court finds that the Court will likely be able to certify the proposed Settlement Class for purposes of entry of judgment, defined as:

> All individuals whose Personal Information was compromised as a result of the Data Incident.[1]

4.  Specifically, the Court finds that the requirements of Rule 23(a) and 23(b)(3) appear to be met:

   a. The class is so numerous that joinder of all members is impracticable, as there are thousands of class members;

   b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members;

   c. The claims of the Class Representative are typical of the claims of the Settlement Class as they arise from the Data Incident;

   d. The Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class;

   e. Questions of law or fact common to the Class Members predominate over any questions affecting only individual

---

[1] "Data Incident" means he incident from approximately August 25, 2021, to December 10, 2021, during which an unauthorized third party gained access to Defendant's employee email account systems, resulting in the unauthorized disclosure of the Plaintiff's and Class Members' personally identifying information and other sensitive, non-public financial information (collectively, "Personal Information").

members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit.

5. The Court finds that the terms of the Settlement are within the range of a fair, reasonable, and adequate compromise under the circumstances of this case. Specifically, the Court finds that:

(A) the Class Representatives and Class Counsel have adequately represented the Class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class appears adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

6. The Court therefore preliminarily approves the Settlement and directs the parties to the Settlement Agreement to perform and satisfy the terms and conditions that are triggered by such preliminary approval.

6. The Court likewise approves the form and method of notice provided for in the Settlement and finds that it complies with the applicable rules and the

requirements of Due Process. The Court appoints Kroll, as Settlement Administrator and orders the Settlement Administrator and the Parties to implement the notice program set forth in the Settlement.

7. A final approval hearing (the "Final Approval Hearing") shall be held before the undersigned at 10:30 AM, on August 1, 2024, in Courtroom 2105, United States Courthouse, 75 Ted Turner Dr, SW Atlanta, GA 30303-3309, or via video or teleconference, for the purpose of: (a) determining whether the Settlement Class should be finally certified for entry of judgment on the Settlement; (b) determining whether the Settlement Agreement is fair, reasonable, and adequate and should be finally approved; (c) determining whether a Final Approval Order should be entered; and (d) considering Class Counsel's application for an award of attorneys' fees and expenses. The Court may adjourn, continue, and reconvene the Final Approval Hearing pursuant to oral announcement without further notice to the Class, and the Court may consider and grant final approval of the Settlement, with or without minor modification and without further notice to the Class.

8. Members of the Settlement Class shall be afforded an opportunity to request exclusion from the Class. A request for exclusion from the Class must comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement. Members of the Settlement Class who submit a timely and valid request for exclusion shall not participate in and shall not be bound by

the Settlement. Members of the Settlement Class who do not timely and validly opt out of the Class in accordance with the Detailed Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

9. Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement Agreement. Any objection must: comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement. If the Class Member or his or her Counsel wishes to speak at the Final Approval Hearing, he or she comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement.

10. Any Class Member who does not make his or her objection known in the manner provided in the Settlement Agreement and Detailed Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement Agreement.

11. Any request for intervention in this action for purposes of commenting on or objecting to the Settlement Agreement must meet the requirements set forth above, including the deadline for filing objections, and also must be accompanied by any evidence, briefs, motions or other materials the proposed intervenor intends to offer in support of the request for intervention.

12. Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Class Member, must be duly admitted to practice law before this Court, and must file a written appearance. Copies of the appearance must be served on Class Counsel and counsel for Defendant.

14. Class Counsel shall file a motion for approval of the attorneys' fees, expenses, and service awards to be paid from the Settlement Fund, along with any supporting materials, on the deadline provided in the Settlement.

15. If the Settlement does not become effective or is rescinded pursuant to the Settlement, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Class Representative and Defendant, and all Orders issued pursuant to the Settlement shall be vacated.

17. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED** this 20th day of March, 2024

_____
Victoria Marie Calvert
United States District Judge