UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHERYL COVINGTON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*<br><br>V.<br><br>GIFTED NURSES, LLC d/b/a GIFTED HEALTHCARE<br><br>*Defendant* | Case No. 1:22-cv-04000-VMC |

## FINAL APPROVAL ORDER

Plaintiff, Cheryl Covington, and Defendant, Gifted Nurses, LLC d/b/a Gifted Healthcare, have entered into a proposed Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement"). The Court previously granted preliminary approval to the Settlement, notice was issued to the Class Members, and the deadlines to opt out or object to the Settlement have now passed. Plaintiff has moved the Court to grant final approval of the Settlement under Federal Rule of Civil Procedure 23(e)(2). Defendant does not oppose the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

1

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Class Representative and Defendant in the above-captioned case (the "Parties").

3. The Court finds that the proposed Settlement Class, defined as follows, meets the requirements for certification for purposes of entry of judgment:

> All individuals whose Personal Information was compromised as a result of the Data Incident.[1]

The persons identified by the Settlement Administrator in its declaration on file with the Court as having timely submitted requests for exclusion are excluded from the Settlement Class

4. Specifically, the Court finds that the requirements of Rule 23(a) and 23(b)(3) are met:

    a. The class is so numerous that joinder of all members is impracticable, as there are thousands of class members;

    b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members;

    c. The claims of the Class Representative are typical of the claims of the Settlement Class as they arise from the Data Incident;

---

[1] "Data Incident" means he incident from approximately August 25, 2021, to December 10, 2021, during which an unauthorized third party gained access to Defendant's employee email account systems, resulting in the unauthorized disclosure of the Plaintiff's and Class Members' personally identifying information and other sensitive, non-public financial information (collectively, "Personal Information").

d. The Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class;

e. Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit.

5. The Court therefore certifies the Settlement Class, appoints Plaintiff as the Class Representative, and appoints Cohen & Malad, LLP; Stranch, Jennings & Garvey, PLLC; and Strauss Borrelli, LLP as Class Counsel.

6. The Court finds that notice of the proposed Settlement was provided to the Settlement Class and that the notice met the requirements of Rule 23 and Due Process.

7. The Court finds that the terms of the Settlement represent a fair, reasonable, and adequate compromise under the circumstances of this case. Specifically, the Court finds that:

(A)  the Class Representatives and Class Counsel have adequately represented the Class;

(B)  the proposal was negotiated at arms' length;

(C)  the relief provided for the class appears adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Class Member claims;

    (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

  (D)  the proposal treats Class Members equally.

  8.  The Court therefore grants final approval to the Settlement and directs the parties to the Settlement Agreement to perform and satisfy the terms and conditions that are triggered by the Court's final approval.

  9.  Upon the occurrence of the Effective Date, the Class Representative and the Class Members release and forever discharge Defendant and its insurers, and including but not limited to their current and former officers, directors, employees, attorneys and agents from all known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief arising out of or in any way related to the claims asserted or which could have been asserted in the Lawsuit relating to the Data Incident.

  10.  Upon the occurrence of the Effective Date, Defendant releases all claims of any kind or nature that have been or could have been asserted against the Class Representative or Class Counsel relating to the claims in this lawsuit, or the filing or prosecution of any lawsuit relating to such claims.

  11.  This Order is a final judgment because it disposes of all claims against all parties to this lawsuit.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 1, 2024

Victoria M. Calvert, District Judge